HUBBART, Judge
(concurring).
I concur with the majority’s opinion and judgment in the instant case, save for that portion of the opinion which (1) affirms the trial court’s entry of judgment and sentence on the aggravated assault conviction [§ 784.021(l)(a), Fla.Stat. (1987)], and (2) vacates the judgment and sentence on the firearm possession conviction [§ 790.07(2), Fla.Stat. (1987)], on the theory that the aggravated assault conviction is the “lesser” of the two offenses. Although I entirely agree with the majority that the trial court’s decision on this point was correct and should be affirmed, I cannot agree with the reason stated by the majority for reaching this result.
I would affirm the trial court’s vacation of the firearm possession conviction on the basis that there is no such crime in Florida as possession or use of a firearm during the commission of a felony under Section 790.07(2), Florida Statutes (1987), where, as here, one of the essential elements of the underlying felony as charged in the information is possession of a firearm. It is simply nonsensical to say that the defendant can be guilty of “display[ing], us[ing], threatening] or attempting] to use [a] firearm” in the instant case “while committing or attempting to commit [the] felony,” § 790.07(2), Fla.Stat. (1987), of “assaulting]” a victim “[w]ith a deadly weapon,” to wit, a firearm. § 784.021(l)(a), Fla. Stat. (1987). Obviously, it is impossible for one to use or display a firearm as an additional criminal act when one is already in the felonious act of using a firearm to assault someone; to say the least, such an additional fictional act is a redundant absurdity. Inasmuch as we are constrained by law to interpret statutes to avoid an unreasonable or absurd result, see Dorsey v. State, 402 So.2d 1178, 1183 (Fla.1981); State v. Webb, 398 So.2d 820, 824 (Fla.1981); Ferre v. State ex rel. Reno, 478 So.2d 1077, 1082 (Fla. 3d DCA 1985), ap *1174 proved, 494 So.2d 214 (Fla.1986), cert. denied, 481 U.S. 1037, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987), and, in particular, to interpret criminal statutes strictly in favor of the accused, § 775.021(1), Fla.Stat. (1987), I think we should reject such mental gymnastics and interpret Section 790.07(2), Florida Statutes (1987), as stated above, to be inapplicable to a firearm felony.
This being so, the trial court properly sentenced the defendant on the aggravated assault conviction and properly vacated the firearm possession conviction. The latter offense is not a “lesser” of the two offenses, as the majority concludes, because, in my view, it is not an offense at all under Florida law. With these reservations, I otherwise fully concur with the majority’s reasoning and disposition of this case.